J-A29012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GARY GREEN, :
:
Appellant : No. 70 EDA 2017

Appeal from the PCRA Order October 22, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0209571-1988

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:            **FILED NOVEMBER 30, 2017**

Gary Green appeals *nunc pro tunc* from the order, entered in the Court of Common Pleas of Philadelphia County on October 22, 2015, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA").  We affirm.

Green is serving a life sentence for murder.  A jury convicted him in 1989, and this Court affirmed his judgment of sentence on August 21, 1990. The Supreme Court of Pennsylvania denied *allocatur* on January 23, 1991. Green did not file a petition for a writ of certiorari to the United States Supreme Court; thus, his judgment of sentence became final ninety days later, on April 23, 1991.   42 Pa.C.S. §§ 9545(b)(1), (3); U.S. Sup. Ct. Rule 13.

_____
*   Retired Senior Judge assigned to the Superior Court.

Before us is Green's fourth PCRA petition, filed on May 14, 2012, which is patently untimely. The PCRA court appointed counsel,[1] and on June 15, 2015, counsel filed an amended petition on Green's behalf. The Commonwealth filed a motion to dismiss and the court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Green filed a response on October 7, 2015. In his response, Green avers that the United States Supreme Court's decision in **Lafler v. Cooper**, 132 S.Ct. 1376 (2012), which held that a claim of ineffective assistance of counsel at the plea stage is viable even where defendant subsequently received a fair trial, created a newly-recognized constitutional right. Green filed his petition within 60 days of the **Lafler** decision and claims, therefore, that his petition is timely under the newly-recognized constitutional right exception to the time bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii). We disagree.

In **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013), this Court held that **Lafler** did not create a new constitutional right. We stated that **Lafler**

> simply applied the Sixth Amendment right to counsel, and the **Strickland** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, i.e. where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on . . . **Lafler** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

---

[1] **See** Pa.R.Crim.P. 904(E) ("The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.").

*Id.* at 1277. ***See also Commonwealth v. Hernandez***, 79 A.3d 649, 654 (Pa. Super. 2013) (***Lafler*** did not "enunciate a constitutional right that was recognized by the Supreme Court of the United States that would provide Appellant with an exception to the timeliness requirements of the PCRA.") (internal quotations omitted).

Based on the foregoing, we conclude the PCRA court had no jurisdiction to entertain Green's petition. Acccordingly, the PCRA court properly dismissed his petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017